# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

ZOANN BROWN,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. C13-3065-MWB
No. CR06-3037-MWB

**INITIAL REVIEW ORDER**

_____

## I. INTRODUCTION AND FACTUAL BACKGROUND

On June 21, 2006, an indictment was returned against petitioner Zoann Brown, charging her with possessing with intent to distribute 500 grams or more of methamphetamine mixture containing 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). On July 24, 2006, Brown entered a guilty plea. On May 2, 2007, Brown was sentenced to 292 months imprisonment and 5 years supervised release. Brown appealed her conviction, which was denied. *See United States v. Brown*, 261 Fed. Appx. 915, *1 (8th Cir. 2008).

Subsequently, pursuant to 28 U.S.C. § 2255, Brown filed her *pro se* Motion To Vacate, Set Aside Or Correct Sentence. In her § 2255 motion, Brown claimed that her counsel was ineffective for: (1) failing to challenge the enhancement for being a supervisor under U.S.S.G. § 3B1.1(b); (2) failing to challenge the imposition of a criminal history point for her prior convictions under U.S.S.G. § 4A1.1(c), which allegedly should have been excluded under U.S.S.G. § 4A1.2(c); (3) failing to object to the prosecution's failure to file a motion for substantial assistance under the terms of the cooperation

agreement, or in the alternative, failing to seek affirmation from the prosecution that they would timely file a Rule 35(b) motion; and (4) failing to pursue meritorious claims on appeal and, instead, filing an *Anders*[1] brief. On October 13, 2009, I denied Brown's Motion To Vacate, Set Aside Or Correct Sentence and denied her a certificate of appealability. Brown appealed, requesting a certificate of appealability. Brown's appeal was denied on April 14, 2010.

On December 10, 2013, Brown filed a second *pro se* Motion To Vacate, Set Aside Or Correct Sentence (docket no. 1). In her motion, defendant Brown asserts she is entitled to relief under the United States Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[2] Brown claims that *Alleyne* was violated because I enhanced her sentence based on facts which were not determined by a jury.

If it plainly and conclusively appears from the face of a § 2255 motion and the files and records of the case that the moving defendant is not entitled to any relief, the court shall summarily dismiss the motion. 28 U.S.C. § 2255; Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts.

---

[1] *Anders v. State of Cal.*, 386 U.S. 738, 87 S.Ct. 1396 (1967).

[2] In *Alleyne,* 133 S. Ct. 2151 (2013), the Court overruled *Harris v. United States,* 536 U.S. 545 (2002), and concluded that:

> [a]ny fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Id*. at 2155 (citation omitted).

## II. LEGAL ANALYSIS

Section 2255 requires petitioners to seek approval from the court of appeals to file a second or successive petition. *See* 28 U.S.C. §§ 2244, 2255. I must dismiss for lack of subject matter jurisdiction any successive petition that is filed without the Eighth Circuit Court of Appeals's permission. *See Boykin v. United States*, No. 99-3369, 2000 WL 1619732, at *1 (8th Cir. Oct. 30, 2000) (unpublished decision).

Here, in her § 2255 motion, Brown has bypassed the certification requirement. Because defendant Brown failed to comply with the certification requirement, I lack the power and authority to entertain her motion. *Id*. I, therefore, dismiss Brown's motion for lack of jurisdiction. *Id*.

**IT IS SO ORDERED.**

**DATED** this 2nd day of January, 2014.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA